ORIGINAL

1  THOMAS E. FRANKOVICH,
   *A Professional Law Corporation*
2  THOMAS E. FRANKOVICH (State Bar No. 074414)
   4328 Redwood Hwy., Suite 300
3  San Rafael, CA 94903
   Telephone:    415/674-8600
4  Facsimile:    415/674-9900

5  Attorneys for Plaintiff
   CRAIG YATES, an individual
6

7                    **UNITED STATES DISTRICT COURT**

8                    **NORTHERN DISTRICT OF CALIFORNIA**

9                                    **CV 10      3747**

10  CRAIG YATES, an individual,           )  **CASE NO.**
                                          )  **Civil Rights**
11            Plaintiff,                  )
                                          )  **COMPLAINT FOR INJUNCTIVE RELIEF**
12  v.                                    )  **AND DAMAGES:**
                                          )
13  MANGOSTEEN; CITI PROPERTIES DE        )  **1st CAUSE OF ACTION:** For Denial of Access
                                          )  by a Public Accommodation in Violation of the
14  LLC, a Delaware Limited Liability     )  Americans with Disabilities Act of 1990 (42
    Company; and PHILIP TRI NGUYEN, an    )  U.S.C. §12101, *et seq.*)
15  individual dba MANGOSTEEN,            )
                                          )  **2nd CAUSE OF ACTION:** For Denial of Full
16            Defendants.                 )  and Equal Access in Violation of California
                                          )  Civil Code §§54, 54.1 and 54.3
17  ─────────────────────────────────────
                                             **3rd CAUSE OF ACTION:** For Denial of
18                                           Accessible Sanitary Facilities in Violation of
                                             California Health & Safety Code §19955, *et seq.*
19
                                             **4th CAUSE OF ACTION:** For Denial of
20                                           Access to Full and Equal Accommodations,
                                             Advantages, Facilities, Privileges and/or
21                                           Services in Violation of California Civil Code
                                             §51, *et seq.* (The Unruh Civil Rights Act)
22

23                                           **DEMAND FOR JURY**

24

25

26

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

                                                                              1

1     Plaintiff CRAIG YATES, an individual, complains of defendants CITI PROPERTIES DE

2  LLC, a Delaware Limited Liability Company; and PHILIP TRI NGUYEN, an individual dba

3  MANGOSTEEN and alleges as follows:·

4  **INTRODUCTION:**

5     1.     This is a civil rights action for discrimination against persons with physical

6  disabilities, of which class plaintiff CRAIG YATES and the disability community are members,

7  for failure to remove architectural barriers structural in nature at defendants' MANOGSTEEN, a

8  place of public accommodation, thereby discriminatorily denying plaintiff and the class of other

9  similarly situated persons with physical disabilities access to, the full and equal enjoyment of,

10  opportunity to participate in, and benefit from, the goods, facilities, services, and

11  accommodations thereof. Plaintiff seeks injunctive relief and damages pursuant to the

12  Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*; California Civil Code §§51,

13  51.5 and 54, *et seq.*; and California Health & Safety Code §19955, *et seq.*

14     2.     Plaintiff CRAIG YATES is a person with physical disabilities who, on or about

15  March 2, 2010, June 11, 2010, July 14, 2010 and August 2, 2010, was an invitee, guest, patron,

16  customer at defendants' MANGOSTEEN, in the City of San Francisco, California. At said times

17  and place, defendants failed to provide proper legal access to the restaurant, which is a "public

18  accommodation" and/or a "public facility" including, but not limited to entrance, path of travel

19  and unisex restroom. The denial of access was in violation of both federal and California legal

20  requirements, and plaintiff CRAIG YATES suffered violation of his civil rights to full and equal

21  access, and was embarrassed and humiliated.

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

1 **JURISDICTION AND VENUE:**

2     3.     **Jurisdiction:**  This Court has jurisdiction of this action pursuant to 28 U.S.C.
3 §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*
4 Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same
5 nucleus of operative facts and arising out of the same transactions, are also brought under parallel
6 California law, whose goals are closely tied with the ADA, including but not limited to violations
7 of California Civil Code §51, *et seq.* and §54, *et seq.*, California Health & Safety Code §19955 *et*
8 *seq.*, including §19959; Title 24 California Building Standards Code.

9     4.     **Venue:**  Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is
10 founded on the facts that the real property which is the subject of this action is located at/near
11 601 Larkin Street, in the City and County of San Francisco, State of California, and that
12 plaintiff's causes of action arose in this county.

13 **PARTIES:**

14     5.     Plaintiff CRAIG YATES is a "physically handicapped person", a "physically
15 disabled person", and a "person with physical disabilities" (hereinafter the terms "physically
16 disabled", "physically handicapped" and "person with physical disabilities" are used
17 interchangeably, as these words have similar or identical common usage and legal meaning, but
18 the legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically
19 handicapped persons" and the Unruh Civil Rights Act, §§51, 51.5, 54 and 54.1, and other
20 statutory measures refer to protection of the rights of "physically disabled persons"). Plaintiff
21 CRAIG YATES is a "person with physical disabilities", as defined by all applicable California
22 and United States laws. Plaintiff is a triplegic. Plaintiff CRAIG YATES requires the use of a
23 wheelchair to travel about in public. Consequently, plaintiff CRAIG YATES is a member of that
24 portion of the public whose rights are protected by the provisions of Health & Safety Code
25 §19955, *et seq.* (entitled "Access to Public Accommodations by Physically Handicapped
26 Persons") and the protections of the Unruh Civil Rights Act, Civil Code §§51 and 51.5 the
27 Disabled Persons Act, Civil Code §54, and the Americans with Disabilities Act, 42 U.S.C.
28 §12101, *et seq.*

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

3

1  6.  Defendants CITI PROPERTIES DE LLC; and PHILIP TRI NGUYEN (hereinafter

2 alternatively collectively referred to as "defendants") are the owners and operators, lessors

3 MANGOSTEEN, located at/near 601 Larkin Street, San Francisco, California, or of the building

4 and/or buildings which constitute said public accommodation.

5  7.  At all times relevant to this complaint, defendants CITI PROPERTIES DE LLC;

6 and PHILIP TRI NGUYEN, own and operate in joint venture the subject MANGOSTEEN as a

7 public accommodation. This business is open to the general public and conducts business

8 therein. The business is a "public accommodation" or "public facility" subject to the

9 requirements of California Civil Code §§51, 51.5 and 54, *et seq.,* Health and Safety code §19955,

10 *et seq.,* and the ADA, 42 U.S.C. §12101, *et seq.*

11  8.  At all times relevant to this complaint, defendants CITI PROPERTIES DE LLC;

12 and PHILIP TRI NGUYEN are jointly and severally responsible to identify and remove

13 architectural barriers at the subject MANGOSTEEN pursuant to Code of Federal Regulations

14 title 28, section 36.201(b), which states in pertinent part:

15    **§ 36.201  General**

16      (b) *Landlord and tenant responsibilities.* Both the landlord
     who owns the building that houses a place of public
17     accommodation and the tenant who owns or operates the place of
     public accommodation are public accommodations subject to the
18     requirements of this part. As between the parties, allocation of
     responsibility for complying with the obligations of this part may
19     be determined by lease or other contract.

20    28 CFR §36.201(b)

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

1 **PRELIMINARY FACTUAL ALLEGATIONS:**

2     9.    The MANGOSTEEN, is a restaurant, located at/near 601 Larkin Street, San

3 Francisco, California. The MANGOSTEEN, its entrance, path of travel and unisex restroom,

4 and its other facilities are each a "place of public accommodation or facility" subject to the

5 barrier removal requirements of the Americans with Disabilities Act. On information and belief,

6 each such facility has, since July 1, 1970, undergone "alterations, structural repairs and

7 additions," each of which has subjected the subject restaurant and each of its facilities, its

8 entrance, path of travel and unisex restroom to disability access requirements per the Americans

9 with Disabilities Act Accessibility Guidelines (ADAAG), and Title 24 of the California Code of

10 regulations (Title 24).

11     10.    On or about August 1, 2000, defendants' and each of them purchased and/or

12 took possessory control of the premises now known as MANGOSTEEN. At all times prior

13 thereto, defendants' and each of them were aware of their obligation prior to the close of escrow,

14 or upon taking possessory interest that public accommodations had a duty to identify and remove

15 architectural barriers and were aware that the restaurant was not accessible to the disabled.

16 Nevertheless, defendants' and each of them, operated MANGOSTEEN as though it was

17 accessible.

18     11.    At all times stated herein, defendants' and each of them with the knowledge that

19 each of them had a continuing obligation to identify and remove architectural barriers where it

20 was readily achievable to do so, failed to adopt a transition plan to provide better and/or

21 compliant access to the subject accommodation.

22     12.    At all times referred to herein and continuing to the present time, defendants, and

23 each of them, advertised, publicized and held out the MANGOSTEEN as being handicapped

24 accessible and handicapped usable.

25     13.    On or about March 2, 2010, June 11, 2010, July 14, 2010 and August 2, 2010,

26 plaintiff CRAIG YATES was an invitee and guest at the subject MANGOSTEEN, for purposes

27 of having food and beverage.

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

5

1    14.    On or about March 2, 2010, plaintiff CRAIG YATES attempted to enter
2  MANGOSTEEN, but plaintiff CRAIG YATES was unable to gain entry due to a six (6) to seven
3  (7) inch "step-up" at the front entrance of the subject restaurant.

4    15.    On or about April 30, 2010, plaintiff CRAIG YATES wrote both the landlord and
5  tenant about the step. Plaintiff CRAIG YATES suggested that the solution would be a portable
6  ramp, buzzer and sign. Plaintiff CRAIG YATES provided both landlord and tenant with the
7  phone number (800-554-7267) for Prairie Industries which supplies ramps. Plaintiff CRAIG
8  YATES never received a response from either the landlord or the tenant.

9    16.    On or about June 11, 2010, plaintiff CRAIG YATES returned to
10  MANGOSTEEN. Plaintiff CRAIG YATES encountered the same step. There was no ramp,
11  buzzer or assistance signage.

12    17.    On or about July 14, 2010, plaintiff CRAIG YATES once again patronized
13  MANGOSTEEN. The entry barrier still existed and there was no means in which plaintiff
14  CRAIG YATES could gain access to MANGOSTEEN.

15    18.    On or about but after April 30, 2010, plaintiff CRAIG YATES was advised that
16  other elements of MANGOSTEEN were not compliant and constituted architectural barriers for
17  which plaintiff CRAIG YATES would not be able to overcome on any subsequent visit to
18  MANGOSTEEN, to wit: excessive front door pressure; a path of travel to the unisex restroom
19  that is partially blocked by a bamboo screen/partition; and a "would be" "ADAAG" compliant
20  restroom, but for a water fountain artifice which blocks use of the water closet.

21    19.    On or about June 11, 2010 and July 14, 2010, it would have been a "futile"
22  gesture for plaintiff CRAIG YATES to attempt to open the front door and a "futile" gesture to
23  attempt to utilize the unisex restroom at the subject restaurant. As such, plaintiff CRAIG
24  YATES did not attempt to open the entry door or access the unisex restroom at the subject
25  restaurant.

26  ///
27  ///
28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

6

1    20.    On or about August 2, 2010, plaintiff CRAIG YATES desired to give

2    MANGOSTEEN the benefit of the doubt and determined whether a portable ramp had been

3    secured. Plaintiff CRAIG YATES arrived at MANGOSTEEN. Plaintiff CRAIG YATES still

4    was unable to gain entrance nor use the restroom at the subject restaurant.

5    21.    At said time(s) and place, plaintiff CRAIG YATES was compelled to tap on the

6    window or the glass door of MANGOSTEEN to get the attention of an employee so that he could

7    order food to-go from the sidewalk.

8    22.    Therefore, at said times and place, plaintiff CRAIG YATES, a person with a

9    disability, encountered the following inaccessible elements of the subject MANGOSTEEN which

10   constituted architectural barriers and a denial of the proper and legally-required access to a public

11   accommodation to persons with physical disabilities including, but not limited to:

12
            a.    lack of an accessible entrance due to a six (6) to seven (7) inch step;
13
            b.    lack of a compliant handicapped-accessible unisex public restroom;
14
            c.    lack of a clear path of travel to the unisex restroom;
15
            d.    lack of maintaining an ADAAG compliant unisex restroom;
16
            e.    lack of a buzzer to notify employees of the need for assistance;
17
            f.    lack of any signage which to gain assistance; and
18
            g.    On personal knowledge, information and belief, other public facilities and
19                  elements too numerous to list were improperly inaccessible for use by
20                  persons with physical disabilities.

21   23.    At all times stated herein, the existence of architectural barriers at defendants'

22   place of public accommodation evidenced "actual notice" of defendants' intent not to comply

23   with the Americans with Disabilities Act of 1990 either then, now or in the future.

24   24.    On or about April 30, 2010, defendant(s) were sent two (2) letters by or on behalf

25   of plaintiff CRAIG YATES advising of their need to take immediate action to remove

26   architectural barriers and requesting a written response upon receipt of his letter, promising to

27   immediately remove the barriers and providing a date when that would be accomplished.

28   ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

7

1 Said letters are attached hereto collectively as exhibit "A" and incorporated by reference as though
2 fully set forth herein. Defendants' failure to respond evidenced an intent not to seek or engage in
3 an early and reasonable resolution of the matter.

4     25.     At all times stated herein, defendants, and each of them, did not act as reasonable
5 and prudent landlord/tenant and were "negligent per se" or at a minimum negligent for not
6 removing architectural barriers that would foreseeably prevent plaintiff CRAIG YATES from
7 receiving the same goods and services as able bodied people and some of which may and did pose
8 a threat of harm and/or personal injury to people with disabilities.

9     26.     As a legal result of defendants CITI PROPERTIES DE LLC, a Delaware Limited
10 Liability Company; and PHILIP TRI NGUYEN, an individual dba MANGOSTEEN's failure to
11 act as a reasonable and prudent public accommodation in identifying, removing or creating
12 architectural barriers, policies, practices and procedures that denied access to plaintiff and other
13 persons with disabilities, plaintiff suffered the damages as alleged herein.

14     27.     As a result of the denial of equal access to defendants' facilities due to the acts and
15 omissions of defendants, and each of them, in owning, operating and maintaining these subject
16 public facilities, plaintiff suffered violations of plaintiff's civil rights, including but not limited to
17 rights under Civil Code §§54, 54.1 and 54.3.

18     28.     Further, plaintiff CRAIG YATES suffered emotional distress, mental distress,
19 mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation,
20 embarrassment, anger, disappointment and worry, expectedly and naturally associated with a
21 person with physical disabilities being denied access, all to his damages as prayed hereinafter in
22 an amount within the jurisdiction of this court. No claim is being made for mental and emotional
23 distress over and above that usually associated with the discrimination and physical injuries
24 claimed, and no expert testimony regarding this usual mental and emotional distress will be
25 presented at trial in support of the claim for damages.

26 ///

27 ///

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

8

1      29.    Defendants', and each of their, failure to remove the architectural barriers

2 complained of herein created, at the time of plaintiff CRAIG YATES's first visit to said public

3 accommodation, and continues to create continuous and repeated exposure to substantially the

4 same general harmful conditions which caused plaintiff CRAIG YATES harm as stated herein.

5      30.    Plaintiff CRAIG YATES was denied his rights to equal access to a public facility

6 by defendants CITI PROPERTIES DE LLC, a Delaware Limited Liability; and PHILIP TRI

7 NGUYEN, because defendants CITI PROPERTIES DE LLC, a Delaware Limited Liability

8 Company; and PHILIP TRI NGUYEN maintained a restaurant without access for persons with

9 physical disabilities to its facilities, including but not limited to the entrance, path of travel and

10 unisex restroom, and other public areas as stated herein, and continue to the date of filing this

11 complaint to deny equal access to plaintiff and other persons with physical disabilities in these and

12 other ways.

13      31.    On information and belief, construction alterations carried out by defendants have

14 also triggered access requirements under both California law and the Americans with Disabilities

15 Act of 1990.

16      32.    Plaintiff, as described hereinbelow, seeks injunctive relief to require the

17 MANGOSTEEN to be made accessible to meet the requirements of both California law and the

18 Americans with Disabilities Act of 1990, whichever is more restrictive, so long as defendants

19 operate the subject restaurant as a public facility.

20 ///

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

9

1   33.  Plaintiff seeks damages for violation of their civil rights on March 2, 2010,

2 June 11, 2010, July 14, 2010 and August 2, 2010 and seeks statutory damages of not less than

3 \$4,000, pursuant to Civil Code §52(a) or alternatively \$1000 pursuant to Civil Code §54.3, for

4 each day after his visit that the trier of fact (court/jury) determines was the date that some or all

5 remedial work should have been completed under the standard that the landlord and tenant had an

6 ongoing duty to identify and remove architectural barriers where it was readily achievable to do

7 so, which deterred plaintiff CRAIG YATES from returning to the subject public accommodation

8 because of his knowledge and/or belief that neither some or all architectural barriers had been

9 removed and that said premises remains inaccessible to persons with disabilities whether a

10 wheelchair user or otherwise.

11   34.  On information and belief, defendants have been negligent in their affirmative duty

12 to identify the architectural barriers complained of herein and negligent in the removal of some or

13 all of said barriers.

14   35.  Because of defendants' violations, plaintiff and other persons with physical

15 disabilities are unable to use public facilities such as those owned and operated by defendants on a

16 "full and equal" basis unless such facility is in compliance with the provisions of the Americans

17 with Disabilities Act of 1990, Civil Code §54.1 and Health & Safety Code §19955, *et seq.* and

18 other accessibility law as plead herein. Plaintiff seeks an order from this court compelling

19 defendants to make the MANGOSTEEN accessible to persons with disabilities.

20   36.  On information and belief, defendants have intentionally undertaken to modify and

21 alter existing building(s), and have failed to make them comply with accessibility requirements

22 under the requirements of ADAAG and Title 24.

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1 The acts and omission of defendants, and each of them, in failing to provide the required
2 accessible public facilities at the time of plaintiff's visit and injuries, indicate actual and implied
3 malice toward plaintiff, and despicable conduct carried out by defendants, and each of them, with
4 a willful and conscious disregard for the rights and safety of plaintiff and other similarly situated
5 persons, and justify a trebling of damages as provided by Civil Code §§52(a) and 54.3, in order to
6 make a more profound example of defendants, and each of them, to other operators and landlords
7 of other restaurants and other public facilities, and to punish defendants and to carry out the
8 purposes of the Civil Code §§ 51, 51.5 and 54.

9      37.     Plaintiff is informed and believes and therefore alleges that defendants CITI
10 PROPERTIES DE LLC; and PHILIP TRI NGUYEN, and each of them, caused the subject
11 building(s) which constitute the MANGOSTEEN to be constructed, altered and maintained in
12 such a manner that persons with physical disabilities were denied full and equal access to, within
13 and throughout said building(s) of the subject restaurant and were denied full and equal use of
14 said public facilities. Furthermore, on information and belief, defendants have continued to
15 maintain and operate said restaurant and/or its building(s) in such conditions up to the present
16 time, despite actual and constructive notice to such defendants that the configuration of
17 MANGOSTEEN and/or its building(s) is in violation of the civil rights of persons with physical
18 disabilities, such as plaintiff CRAIG YATES, and other members of the disability community.
19 Such construction, modification, ownership, operation, maintenance and practices of such public
20 facilities are in violation of Civil Code §§51, 51.5 and 54, Health and Safety Code §19955, and
21 the ADA, 42 U.S.C. §12101, *et seq.*

22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

11

1    38.    On personal knowledge, information and belief, the basis of defendants' actual and
2  constructive notice that the physical configuration of the facilities including, but not limited to,
3  architectural barriers constituting the MANGOSTEEN and/or building(s) was in violation of the
4  civil rights of persons with physical disabilities, such as plaintiff, includes, but is not limited to,
5  communications with invitees and guests, plaintiff CRAIG YATES himself, sponsors of
6  conferences owners of other restaurants, hotels, motels and businesses, notices they obtained from
7  governmental agencies upon modification, improvement, or substantial repair of the subject
8  premises and other properties owned by these defendants, newspaper articles and trade
9  publications regarding the Americans with Disabilities Act of 1990 and other access laws, public
10  service announcements by former U.S. Attorney General Janet Reno between 1993 and 2000, and
11  other similar information. Defendants' failure, under state and federal law, to make the
12  MANGOSTEEN accessible is further evidence of defendants' conscious disregard for the rights
13  of plaintiff and other similarly situated persons with disabilities. Despite being informed of such
14  effect on plaintiff and other persons with physical disabilities due to the lack of accessible
15  facilities, defendants, and each of them, knowingly and willfully refused to take any steps to
16  rectify the situation and to provide full and equal access for plaintiff and other persons with
17  physical disabilities to the MANGOSTEEN. Said defendants, and each of them, have continued
18  such practices, in conscious disregard for the rights of plaintiff and other persons with physical
19  disabilities, up to the date of filing of this complaint, and continuing thereon.

20  Defendants had further actual knowledge of the architectural barriers referred to herein by virtue
21  of the demand letter addressed to the defendants and served concurrently with the summons and
22  complaint. Said conduct, with knowledge of the effect it was and is having on plaintiff and other
23  persons with physical disabilities, constitutes despicable conduct in conscious disregard of the
24  rights and safety of plaintiff and of other similarly situated persons, justifying the imposition of
25  treble damages per Civil Code §§52 and 54.3.

26    39.    Plaintiff CRAIG YATES and the disability community, consisting of persons with
27  disabilities, would, could and will return to the subject public accommodation when it is made
28  accessible to persons with disabilities.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

I.    **FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)**
(On behalf of Plaintiff CRAIG YATES, an individual and Against Defendants CITI PROPERTIES DE LLC, a Delaware Limited Liability Company; and PHILIP TRI NGUYEN, an individual dba MANGOSTEEN, inclusive)
(42 U.S.C. §12101, *et seq.*)

40.    Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 39 of this complaint.

41.    Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C. §12101 regarding persons with physical disabilities, finding that laws were needed to more fully protect:

> some 43 million Americans with one or more physical or mental disabilities; [that] historically society has tended to isolate and segregate individuals with disabilities; [that] such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem; [that] the nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency for such individuals; [and that] the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous.

42.    Congress stated as its purpose in passing the Americans with Disabilities Act of 1990 (42 U.S.C. §12102):

> It is the purpose of this act (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

///

///

///

///

///

1    43.    As part of the Americans with Disabilities Act of 1990, Public Law 101-336

2  (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services

3  Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq.*). Among the public

4  accommodations identified for purposes of this title was:

5          (7)    PUBLIC ACCOMMODATION - The following private
                  entities are considered public accommodations for purposes of this
6                 title, if the operations of such entities affect commerce -

7                        ---

8                  (B) a restaurant, bar or other establishment serving food or
                   drink.
9
           42 U.S.C. §12181(7)(B)
10

11    44.    Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against

12  on the basis of disability in the full and equal enjoyment of the goods, services, facilities,

13  privileges, advantages, or accommodations of any place of public accommodation by any person

14  who owns, leases, or leases to, or operates a place of public accommodation."

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

14

1    45.    The specific prohibitions against discrimination set forth in §302(b)(2)(a),

2  42 U.S.C. §12182(b)(2)(a) are:

3                    (I)    the imposition or application of eligibility criteria
             that screen out or tend to screen out an individual with a disability
4            or any class of individuals with disabilities from fully and equally
             enjoying any goods, services, facilities, privileges, advantages, or
5            accommodations, unless such criteria can be shown to be necessary
             for the provision of the goods, services, facilities, privileges,
6            advantages, or accommodations being offered;

7                    (ii)    a failure to make reasonable modifications in
             policies, practices, or procedures, when such modifications are
8            necessary to afford such goods, services, facilities, privileges,
             advantages or accommodations to individuals with disabilities,
9            unless the entity can demonstrate that making such modifications
             would fundamentally alter the nature of such goods, services,
10           facilities, privileges, advantages, or accommodations;

11                   (iii)    a failure to take such steps as may be necessary to
             ensure that no individual with a disability is excluded, denied
12           services, segregated or otherwise treated differently than other
             individuals because of the absence of auxiliary aids and services,
13           unless the entity can demonstrate that taking such steps would
             fundamentally alter the nature of the good, service, facility,
14           privilege, advantage, or accommodation being offered or would
             result in an undue burden;

15
                     (iv)    a failure to remove architectural barriers, and
16           communication barriers that are structural in nature, in existing
             facilities . . . where such removal is readily achievable; and
17
                     (v)    where an entity can demonstrate that the removal of
18           a barrier under clause (iv) is not readily achievable, a failure to
             make such goods, services, facilities, privileges, advantages or
19           accommodations available through alternative methods if such
             methods are readily achievable.
20

21  The acts of defendants set forth herein were a violation of plaintiff's rights under the ADA, Public

22  Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36, *et seq.* - Effective

23  January 31, 1993, the standards of the ADA were also incorporated into California Civil Code

24  §51, making available the damage remedies incorporated into Civil Code §51 and 52(a) and 54.3.

25  ///

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    46.    The removal of the barriers complained of by plaintiff as hereinabove alleged were
2 at all times after January 26, 1992 "readily achievable" as to the subject building(s) of pursuant to
3 42 U.S.C. §12182 (b)(2)(A)(i)-(iv). On information and belief, if the removal of all the barriers
4 complained of herein together was not "readily achievable," the removal of each individual barrier
5 complained of herein was "readily achievable." On information and belief, defendants' failure to
6 remove said barriers was likewise due to discriminatory practices, procedures and eligibility
7 criteria, as defined by 42 U.S.C. §12182 (b)(2)(A)(i)and (ii).

8    47.    Per 42 U.S.C. §12181 (9), the term "readily achievable" means "easily
9 accomplishable and able to be carried out without much difficulty or expense." The statute
10 defines relative "expense" in part in relation to the total financial resources of the entities
11 involved. Plaintiff alleges that properly repairing, modifying, or altering each of the items that
12 plaintiff complains of herein were and are "readily achievable" by the defendants under the
13 standards set forth under §301(9) of the Americans with Disabilities Act. Furthermore, if it was
14 not "readily achievable" for defendants to remove each of such barriers, defendants have failed to
15 make the required services available through alternative methods which were readily achievable.

16    48.    On information and belief, construction work on, and modifications of, the subject
17 building(s) of MANGOSTEEN occurred after the compliance date for the Americans with
18 Disabilities Act, January 26, 1992, independently triggering access requirements under Title III of
19 the ADA.

20    49.    Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et
21 seq.*, plaintiff is entitled to the remedies and procedures set forth in §204(a) of the Civil Rights
22 Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiff is being subjected to discrimination on the basis
23 of disability in violation of this title or have reasonable grounds for believing that plaintiff is about
24 to be subjected to discrimination in violation of §302. Plaintiff is deterred from returning to or
25 making use of the public facilities complained of herein so long as the premises and defendants'
26 policies bar full and equal use by persons with physical disabilities.

27 ///

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

16

1    50.    42 U.S.C. 12188 (a)(1) states: "Nothing in this section shall require a person with a

2    disability to engage in a futile gesture if such person has actual notice that a person or

3    organization covered by this title does not intend to comply with its provisions." Pursuant to this

4    section, plaintiff CRAIG YATES has not returned to defendants' premises since on or about

5    August 2, 2010, but on information and belief, alleges that defendants have continued to violate

6    the law and deny the rights of plaintiff and of other persons with physical disabilities to access this

7    public accommodation. Pursuant to 42 USC §12188(a)(2), "In cases of violations of

8    §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such

9    facilities readily accessible to and usable by individuals with disabilities to the extent required by

10   this title."

11   51.    Plaintiff seeks relief pursuant to remedies set forth in §204(a) of the Civil Rights

12   Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement

13   the Americans with Disabilities Act of 1990, including but not limited to an order granting

14   injunctive relief and attorneys' fees. Plaintiff will seek attorneys' fees conditioned upon being

15   deemed to be the prevailing party.

16   **II.    SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS
         IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, ET SEQ.**

17   (On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants CITI
     PROPERTIES DE LLC, a Delaware Limited Liability Company; and PHILIP TRI

18   NGUYEN, an individual dba MANGOSTEEN, inclusive)
     (California Civil Code §§54, 54.1, 54.3, *et seq.)*

19

20   52.    Plaintiff repleads and incorporates by reference as if fully set forth again herein, the

     allegations contained in paragraphs 1 through 51 of this complaint.
21

22   53.    At all times relevant to this action, California Civil Code §54 has provided that

23   persons with physical disabilities are not to be discriminated against because of physical handicap

     or disability. This section provides that:
24

25           (a) Individuals with disabilities . . . have the same rights as
             the general public to full and free use of the streets, highways,
             sidewalks, walkways, public buildings, medical facilities, including

26           hospitals, clinics, and physicians' offices, and other public places.

27   ///

28   ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

17

1    54.    California Civil Code §54.1 provides that persons with disabilities shall not be

2   denied full and equal access to places of public accommodation or facilities:

3                    (a)(1) Individuals with disabilities shall be entitled to full
                and equal access, as other members of the general public, to
4               accommodations, advantages, facilities, medical facilities, including
                hospitals, clinics, and physicians' offices, and privileges of all
5               common carriers, airplanes, motor vehicles, railroad trains,
                motorbuses, streetcars, boats, or any other public conveyances or
6               modes of transportation (whether private, public, franchised,
                licensed, contracted, or otherwise provided), telephone facilities,
7               adoption agencies, private schools, hotels, lodging places, places of
                public accommodation, amusement or resort, and other places to
8               which the general public is invited, subject only to the conditions
                and limitations established by law, or state or federal regulation, and
9               applicable alike to all persons.

10              Civil Code §54.1(a)(1)

11    55.    California Civil Code §54.1 further provides that a violation of the Americans with

12   Disabilities Act of 1990 constitutes a violation of section 54.1:

13                   (d) A violation of the right of an individual under the
                Americans with Disabilities Act of 1990 (Public Law 101-336) also
14              constitutes a violation of this section, and nothing in this section
                shall be construed to limit the access of any person in violation of
15              that act.

16              Civil Code §54.1(d)

17   ///

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

18

1    56.    Plaintiff CRAIG YATES is a person within the meaning of Civil Code §54.1

2  whose rights have been infringed upon and violated by the defendants, and each of them, as

3  prescribed by Civil Code §§54 and 54.1. Each specific architectural barrier which defendants

4  knowingly and willfully fail and refuse to remove constitutes a separate act in violation of Civil

5  Code §§54 and 54.1. Plaintiff has been and continue to be denied full and equal access to

6  defendants' MANGOSTEEN. As a legal result, plaintiff is entitled to seek damages pursuant to a

7  court or jury determination, in accordance with California Civil Code §54.3(a) for each day on

8  which he visited or have been deterred from visiting the subject restaurant because of his

9  knowledge and belief that the MANGOSTEEN is inaccessible to persons with disabilities.

10  California Civil Code §54.3(a) provides:

11          Any person or persons, firm or corporation, who denies or interferes
            with admittance to or enjoyment of the public facilities as specified
12          in Sections 54 and 54.1 or otherwise interferes with the rights of an
            individual with a disability under Sections 54, 54.1 and 54.2 is
13          liable for each offense for the actual damages and any amount as
            may be determined by a jury, or the court sitting without a jury, up
14          to a maximum of three times the amount of actual damages but in
            no case less than . . .one thousand dollars ($1,000) and . . .
15          attorney's fees as may be determined by the court in addition
            thereto, suffered by any person denied any of the rights provided in
16          Sections 54, 54.1 and 54.2.

17          Civil Code §54.3(a)

18    57.    On or about March 2, 2010, June 11, 2010, July 14, 2010 and August 2, 2010,

19  plaintiff CRAIG YATES suffered violations of Civil Code §§54 and 54.1 in that plaintiff CRAIG

20  YATES was denied access to the entrance, path of travel and unisex restroom and other public

21  facilities as stated herein at the MANGOSTEEN and on the basis that plaintiff CRAIG YATES

22  was a person with physical disabilities.

23    58.    As a result of the denial of equal access to defendants' facilities due to the acts and

24  omissions of defendants, and each of them, in owning, operating and maintaining these subject

25  public facilities, plaintiff suffered violations of plaintiff's civil rights, including but not limited to

26  rights under Civil Code §§54, 54.1 and 54.3.

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    59.    Further, plaintiff CRAIG YATES suffered mental distress, mental suffering, mental
2  anguish, which includes shame, humiliation, embarrassment, frustration, anger, disappointment
3  and worry, all of which are expectedly and naturally associated with a denial of access to a person
4  with physical disabilities, all to plaintiff's damages as hereinafter stated. Defendants' actions and
5  omissions to act constituted discrimination against plaintiff on the sole basis that plaintiff is a
6  person or an entity that represents persons with physical disabilities and unable, because of the
7  architectural barriers created and maintained by the defendants in violation of the subject laws, to
8  use the public facilities hereinabove described on a full and equal basis as other persons.

9    60.    Plaintiff has been damaged by defendants', and each of their, wrongful conduct and
10 seeks the relief that is afforded by Civil Code §§54 and 54.1, 54.3 for violation of plaintiff's rights
11 as a person or an entity that represents persons with physical disabilities on or about March 2,
12 2010, June 11, 2010, July 14, 2010 and August 2, 2010, and on a continuing basis since then,
13 including statutory damages, a trebling of all of actual damages, general and special damages
14 available pursuant to §54.3 of the Civil Code according to proof.

15   61.    As a result of defendants', and each of their, acts and omissions in this regard,
16 plaintiff has been required to incur legal expenses and hire attorneys in order to enforce
17 plaintiff's rights and enforce the provisions of the law protecting access for persons with physical
18 disabilities and prohibiting discrimination against persons with physical disabilities. Pursuant to
19 the provisions of Civil Code §54.3, plaintiff therefore will seek recovery in this lawsuit for all
20 reasonable attorneys' fees and costs incurred if deemed the prevailing party. Additionally,
21 plaintiff's lawsuit is intended not only to obtain compensation for damages to plaintiff, but also to
22 compel the defendants to make their facilities accessible to all members of the public with
23 disabilities, justifying public interest attorneys' fees, if deemed the prevailing party, pursuant to
24 the provisions of §1021.5 of the Code of Civil Procedure.

25 ///
26 ///
27 ///
28 ///

**III.**   **THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.***
(On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants CITI PROPERTIES DE LLC, a Delaware Limited Liability Company; and PHILIP TRI NGUYEN, an individual dba MANGOSTEEN, inclusive)
(Health & Safety Code §19955, *et seq.*)

62.   Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 61 of this complaint.

63.   Health & Safety Code §19955 provides in pertinent part:

> The purpose of this part is to insure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code. For the purposes of this part "public accommodation or facilities" means a building, structure, facility, complex, or improved area which is used by the general public and shall include auditoriums, hospitals, theaters, restaurants, hotels, motels, stadiums, and convention centers. When sanitary facilities are made available for the public, clients or employees in such accommodations or facilities, they shall be made available for the handicapped.

64.   Health & Safety Code §19956, which appears in the same chapter as §19955, provides in pertinent part, "accommodations constructed in this state shall conform to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code . . . ." Health & Safety Code §19956 was operative July 1, 1970, and is applicable to all public accommodations constructed or altered after that date. On information and belief, portions of the MANGOSTEEN and/or of the building(s) were constructed and/or altered after July 1, 1970, and substantial portions of the subject restaurant and/or the building(s) had alterations, structural repairs, and/or additions made to such public accommodations after July 1, 1970, thereby requiring said restaurant and/or building to be subject to the requirements of Part 5.5, §19955, *et seq.*, of the Health & Safety Code upon such alteration, structural repairs or additions per Health & Safety Code §19959.

///

///

///

///

1        65.     Pursuant to the authority delegated by Government Code §4450, *et seq*, the State

2  Architect promulgated regulations for the enforcement of these provisions. Effective July 1,

3  1982, Title 24 of the California Building Standards Code adopted the California State Architect's

4  Regulations and these regulations must be complied with as to any alterations and/or

5  modifications of MANGOSTEEN and/or the building(s) occurring after that date. Construction

6  changes occurring prior to this date but after July 1, 1970 triggered access requirements pursuant

7  to the "ASA" requirements, the American Standards Association Specifications, A117.1-1961.

8  On information and belief, at the time of the construction and modification of said building, all

9  buildings and facilities covered were required to conform to each of the standards and

10  specifications described in the American Standards Association Specifications and/or those

11  contained in Title 24 of the California Building Standards Code.

12        66.     Restaurants such as the MANGOSTEEN are "public accommodations or facilities"

13  within the meaning of Health & Safety Code §19955, *et seq*.

14        67.     As a result of the actions and failure to act of defendants, and as a result of the

15  failure to provide proper and legally handicapped-accessible public facilities, plaintiff was denied

16  plaintiff's rights to full and equal access to public facilities and suffered a loss of plaintiff's civil

17  rights and plaintiff's rights as a person with physical disabilities to full and equal access to public

18  facilities.

19        68.     Attorneys' Fees -- As a result of defendants' acts and omissions in this regard,

20  plaintiff has been required to incur legal expenses and hire attorneys in order to enforce plaintiff's

21  civil rights and enforce provisions of the law protecting access for the persons with physical

22  disabilities and prohibiting discrimination against the persons with physical disabilities, and to

23  take such action both in plaintiff's own interests and in order to enforce an important right

24  affecting the public interest. Plaintiff, therefore, seeks in this lawsuit the recovery of all

25  reasonable attorneys' fees incurred, pursuant to the provisions of the Code of Civil Procedure

26  §1021.5. Plaintiff additionally seeks attorneys' fees pursuant to Health & Safety Code §19953

27  and Civil Code §§54.3 and/or in the alternative, plaintiff will seek attorneys' fees, costs and

28  litigation expenses pursuant to §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 200(a)-3(a)).

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1 | Plaintiff will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

2 |     69.      Plaintiff seeks injunctive relief for an order compelling defendants, and each of

3 | them, to make the subject place of public accommodation readily accessible to and usable by

4 | persons with disabilities.

5 | **IV.    FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND**

    **EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES**

6 |     **AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET***

    ***SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**

7 |     (On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants CITI

    PROPERTIES DE LLC, a Delaware Limited Liability Company; and PHILIP TRI

8 |     NGUYEN, an individual dba MANGOSTEEN, inclusive)

    (Civil Code §51, 51.5)

9 |

    70.      Plaintiff repleads and incorporates by reference, as if fully set forth again herein,

10 |

the allegations contained in paragraphs 1 through 69 of this complaint.

11 |

    71.      Defendants' actions and omissions and failure to act as a reasonable and prudent

12 |

public accommodation in identifying, removing and/or creating architectural barriers, policies,

13 |

practices and/or procedures violates §51 of the Civil Code, the Unruh Civil Rights Act. The

14 |

Unruh Act provides:

15 |

        This section shall be known, and may be cited, as the Unruh

16 |     Civil Rights Act.

17 |         All persons within the jurisdiction of this state are free and

    equal, and no matter what their sex, race, color, religion, ancestry,

18 |     national origin, or **disability** are entitled to the full and equal

    accommodations, advantages, facilities, privileges, or services in all

19 |     business establishments of every kind whatsoever.

20 |         This section shall not be construed to confer any right or

    privilege on a person that is conditioned or limited by law or that is

21 |     applicable alike to persons of every sex, color, race, religion,

    ancestry, national origin, or **disability.**

22 |

        Nothing in this section shall be construed to require any

23 |     construction, alteration, repair, structural or otherwise, or

    modification of any sort whatsoever, beyond that construction,

24 |     alteration, repair, or modification that is otherwise required by other

    provisions of law, to any new or existing establishment, facility,

25 |     building, improvement, or any other structure . . . nor shall anything

    in this section be construed to augment, restrict, or alter in any way

26 |     the authority of the State Architect to require construction,

    alteration, repair, or modifications that the State Architect otherwise

27 |     possesses pursuant to other . . . laws.

28 | ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1       A violation of the right of any individual under the
        Americans with Disabilities Act of 1990 (Public Law 101-336) shall
2       also constitute a violation of this section.

3  As the Unruh Act incorporates violations of the Americans with Disabilities Act of 1990, the

4  "intent" of the defendants in not complying with barrier removal is not an issue. Hence, the

5  failure on the parts of defendants, as reasonable and prudent public accommodations, in acting or

6  failing to act to identify and remove barriers can be construed as a "negligent per se" act of

7  defendants, and each of them.

8       72.    The acts and omissions of defendants stated herein are discriminatory in nature and

9  in violation of Civil Code §51.5:

10          No business establishment of any kind whatsoever shall
        discriminate against, boycott or blacklist, refuse to buy from, sell to,
11      or trade with any person in this state because of the race, creed,
        religion, color, national origin, sex, or **disability** of the person or of
12      the person's partners, members, stockholders, directors, officers,
        managers, superintendents, agents, employees, business associates,
13      suppliers, or customers.

14          As used in this section, "person" includes any person, firm
        association, organization, partnership, business trust, corporation,
15      limited liability company, or company.

16          Nothing in this section shall be construed to require any
        construction, alteration, repair, structural or otherwise, or
17      modification of any sort whatsoever, beyond that construction,
        alteration, repair or modification that is otherwise required by other
18      provisions of law, to any new or existing establishment, facility,
        building, improvement, or any other structure . . . nor shall anything
19      in this section be construed to augment, restrict or alter in any way
        the authority of the State Architect to require construction,
20      alteration, repair, or modifications that the State Architect otherwise
        possesses pursuant to other laws.
21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

24

1
2
3
4
5
6
7
8
9

73.     Defendants' acts and omissions as specified have denied to the plaintiff full and equal accommodations, advantages, facilities, privileges and services in a business establishment, on the basis of physical disability, in violation of Civil Code §§51 and 51.5, the Unruh Civil Rights Act. Furthermore, pursuant to the 1992 amendment to California Civil Code §51, "A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section." Plaintiff accordingly incorporates the entirety of his above cause of action for violation of the Americans with Disabilities Act at §40, *et seq.*, as if repled herein.

10
11
12
13

74.     As a result of the denial of equal access to defendants' facilities due to the acts and omissions of defendants, and each of them, in owning, operating and maintaining these subject public facilities, plaintiff suffered violations of plaintiff's civil rights, including but not limited to rights under Civil Code §§54, 54.1 and 54.3.

14
15
16
17
18
19
20
21
22

75.     Further, plaintiff CRAIG YATES suffered mental distress, mental suffering, mental anguish, which includes shame, humiliation, embarrassment, frustration, anger, disappointment and worry, all of which are expectedly and naturally associated with a denial of access to a person with physical disabilities, all to plaintiff's damages as hereinafter stated. Defendants' actions and omissions to act constituted discrimination against plaintiff on the sole basis that plaintiff is a person or an entity that represents persons with physical disabilities and unable, because of the architectural barriers created and maintained by the defendants in violation of the subject laws, to use the public facilities hereinabove described on a full and equal basis as other persons.

23
24
25
26

76.     Plaintiff CRAIG YATES is entitled to the rights and remedies of §52(a) of the Civil Code, including trebling of actual damages (defined by §52(h) of the Civil Code to mean "special and general damages"), as well as to reasonable attorneys' fees and costs, as is allowed by statute, according to proof if deemed to be the prevailing party.

27     ///

28     ///

1 **PRAYER:**

2       Plaintiff prays that this court award damages and provide relief as follows:

3 **I.**     **PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH**

4     **DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, *et seq.*)**
(On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants CITI

5     PROPERTIES DE LLC, a Delaware Limited Liability Company; and PHILIP TRI NGUYEN, an individual dba MANGOSTEEN, inclusive)

6     (42 U.S.C. §12101, *et seq.*)

7       1.     For injunctive relief, compelling defendants CITI PROPERTIES DE LLC, a

8 Delaware Limited Liability Company; and PHILIP TRI NGUYEN, an individual dba

9 MANGOSTEEN, inclusive, to make the MANGOSTEEN, located at 601 Larkin Street, San

10 Francisco, California, readily accessible to and usable by individuals with disabilities, per 42

11 U.S.C §12181, *et seq.*, and to make reasonable modifications in policies, practice, eligibility

12 criteria and procedures so as to afford full access to the goods, services, facilities, privileges,

13 advantages and accommodations being offered.

14       2.     For attorneys' fees, litigation expenses and costs of suit, if plaintiff is deemed the

15 prevailing party; and

16       3.     For such other and further relief as the court may deem proper.

17 **II.**    **PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1**

18     **AND 54.3, *ET SEO.***
(On Behalf of Plaintiff CRAIG YATES, an individual and Against

19     Defendants CITI PROPERTIES DE LLC, a Delaware Limited Liability Company; and PHILIP TRI NGUYEN, an individual dba MANGOSTEEN, inclusive)

20     (California Civil Code §§54, 54.1, 54.3, *et seq.*)

21       1.     For injunctive relief, compelling defendants CITI PROPERTIES DE LLC, a

22 Delaware Limited Liability Company; and PHILIP TRI NGUYEN, an individual dba

23 MANGOSTEEN, inclusive, to make the MANGOSTEEN, located at 601 Larkin Street, San

24 Francisco, California, readily accessible to and usable by individuals with disabilities, per state

25 law.

26       2.     Statutory damages as afforded by Civil Code §54.3 for the date of incident and for

27 each occasion on which plaintiff was deterred from returning to the subject public

28 accommodation.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    3.    Attorneys' fees pursuant to Civil Code §54.3 and Code of Civil Procedure §1021.5,

2  if plaintiffs are deemed the prevailing party;

3    4.    Treble damages pursuant to Civil Code §54.3;

4    5.    General damages according to proof;

5    6.    For all costs of suit;

6    7.    Prejudgment interest pursuant to Civil Code §3291; and

7    8.    Such other and further relief as the court may deem just and proper.

8  **III.    PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE
           SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE**
9  **§19955, *ET. SEO.***
           (On Behalf of Plaintiff CRAIG YATES, an individual and Against
10         Defendants CITI PROPERTIES DE LLC, a Delaware Limited Liability Company; and
           PHILIP TRI NGUYEN, an individual dba MANGOSTEEN, inclusive)
11         (Health & Safety code §19955, *et seq.*)

12    1.    For injunctive relief, compelling defendants CITI PROPERTIES DE LLC, a

13  Delaware Limited Liability Company; and PHILIP TRI NGUYEN, an individual dba

14  MANGOSTEEN, inclusive, to make the MANGOSTEEN, located at 601 Larkin Street, San

15  Francisco, California, readily accessible to and usable by individuals with disabilities, per state

16  law.

17    2.    For attorneys' fees pursuant to Code of Civil Procedure §1021.5, and/or,

18  alternatively, Health & Safety Code §19953, if plaintiff is deemed the prevailing party;

19    3.    For all costs of suit;

20    4.    For prejudgment interest pursuant to Civil Code §3291;

21    5.    Such other and further relief as the court may deem just and proper.

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1   **IV.   PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO**
             **FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES,**
2          **PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL**
         **CODE §51,** *ET SEQ.* **(THE UNRUH CIVIL RIGHTS ACT)**
3         (On Behalf of Plaintiff CRAIG YATES, an individual and Against
        Defendants CITI PROPERTIES DE LLC, a Delaware Limited Liability Company; and
4         PHILIP TRI NGUYEN, an individual dba MANGOSTEEN, inclusive)
        (California Civil Code §§51, 51.5, *et seq.*)
5

6        1.    All statutory damages as afforded by Civil Code §52(a) for the date of incident and

7   for each occasion on which plaintiff was deterred from returning to the subject public

8   accommodation;

9        2.    Attorneys' fees pursuant to Civil Code §52(a), if plaintiff is deemed the prevailing

10   party;

11        3.    General damages according to proof;

12        4.    Treble damages pursuant to Civil Code §52(a);

13   ///

14   ///

15   ///

16   ///

17   ///

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

28

1      5.      For all costs of suit;

2      6.      Prejudgment interest pursuant to Civil Code §3291; and

3      7.      Such other and further relief as the court may deem just and proper.

4

5   Dated: _8/11/10_, 2010          THOMAS E. FRANKOVICH,
                                     *A PROFESSIONAL LAW CORPORATION*
6

7
                              By
8
                                     THOMAS E. FRANKOVICH
9                                    Attorneys for Plaintiff CRAIG YATES, an individual

10

                              **DEMAND FOR JURY TRIAL**
11

12   Plaintiff hereby demands a jury for all claims for which a jury is permitted.

13

14  Dated: _8/11/10_, 2010          THOMAS E. FRANKOVICH,
                                     *A PROFESSIONAL LAW CORPORATION*
15

16
                              By
17
                                     THOMAS E. FRANKOVICH
18                                   Attorneys for Plaintiff CRAIG YATES, an individual

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

28

Exhibit A

Craig Yates
1004 Los Gamos Road, Unit E
San Rafael, CA 94903


April 30, 2010

Manager
Mangosteen
601 Larkin Street
San Francisco, CA 94109


Dear Manager of Mangosteen:

Recently, I visited Mangosteen, and I couldn't get in. You see, I use a wheelchair and there is a step to get in. Wheelchair users like myself, simply can't get in.

Is there a way to do a curb cut in or a permanent ramp, maybe another entrance? Maybe what you need to get is a portable light aluminum ramp, install a buzzer and a sign for use by the disabled. For every 1" of step up, you need 1ft. of ramp. So, if your step is 5" high, you need a 5ft. ramp. If it's 8" high, you need a 8ft. ramp. The sign should say something like: "Press buzzer for ramp assistance." Maybe make it 11" x 17" with the wheelchair symbol in white and blue background. You've seen those signs, haven't you?

A place that sells ramps is Prairie View Industries, Inc. at 800-554-7267. There are other places to get a ramp from but here is a start.

I thought the landlord and the tenant should know about this. That's why I wrote this identical letter to both of you. It's like letting the right hand know what the left hand is doing! If you both put your hands and heads together, I know the two of you can fix this problem.

Remember, wheelchair users have an old saying: "Access delayed is Access denied!" You understand, right? Anyway, please write me when you get this letter and make me a promise that you will take care of this right away. Give me a date. If you are not the one in charge or don't have the responsibility to do it, would you make sure this letter goes to the person in charge or who can make decisions on what to do. Thanks!

Sincerely,

Craig Yates

Craig Yates
1004 Los Gamos Road, Unit E
San Rafael, CA 94903

April 30, 2010

Owner of the Building
Mangosteen
601 Larkin Street
San Francisco, CA 94109

Dear Owner of the Building for Mangosteen:

Recently, I visited Mangosteen, and I couldn't get in. You see, I use a wheelchair and there is a step to get in. Wheelchair users like myself, simply can't get in.

Is there a way to do a curb cut in or a permanent ramp, maybe another entrance? Maybe what you need to get is a portable light aluminum ramp, install a buzzer and a sign for use by the disabled. For every 1" of step up, you need 1ft. of ramp. So, if your step is 5" high, you need a 5ft. ramp. If it's 8" high, you need a 8ft. ramp. The sign should say something like: "Press buzzer for ramp assistance." Maybe make it 11" x 17" with the wheelchair symbol in white and blue background. You've seen those signs, haven't you?

A place that sells ramps is Prairie View Industries, Inc. at 800-554-7267. There are other places to get a ramp from but here is a start.

I thought the landlord and the tenant should know about this. That's why I wrote this identical letter to both of you. It's like letting the right hand know what the left hand is doing! If you both put your hands and heads together, I know the two of you can fix this problem.

Remember, wheelchair users have an old saying: "Access delayed is Access denied!" You understand, right? Anyway, please write me when you get this letter and make me a promise that you will take care of this right away. Give me a date. If you are not the one in charge or don't have the responsibility to do it, would you make sure this letter goes to the person in charge or who can make decisions on what to do. Thanks!

Sincerely,

·Craig Yates